FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 9: 06

STATE OF WASHINGTON

BY_____
DEPUTY

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ALAN J. HECKARD,<br><br>Appellant. | No. 45377-1-II<br><br>UNPUBLISHED OPINION |

BJORGEN, A.C.J. — Alan Heckard pled guilty to first degree extortion and, following a subsequent restitution hearing, was ordered to pay $4,279.52 in restitution. Heckard appeals the trial court's restitution order but does not assert any error with the order. Instead he asserts that he should be allowed to withdraw his guilty plea because the trial court entered the plea in violation of his due process rights and his right to a jury trial. Heckard has also filed a statement of additional grounds for review (SAG), but his SAG fails to sufficiently inform this court "of the nature and occurrence of alleged errors" in his restitution order, and thus we do not address it. RAP 10.10(c). Because Heckard did not timely appeal his guilty plea conviction and because none of the issues raised in this appeal asserts any error in the restitution order, we affirm.

FACTS

On March 8, 2013, the State charged Heckard with two counts of first degree extortion, one count of second degree malicious mischief, and one count of harassment. On April 26, Heckard entered into a plea agreement with the State, under which he would plead guilty to one count of first degree extortion in exchange for the State dropping his remaining charges and recommending an exceptional downward sentence of one year and one day of incarceration followed by one year of community custody. As part of the plea agreement, Heckard also agreed that his restitution would relate to both "charged counts and uncharged counts." Clerk's Papers (CP) at 8. Following an April 26 plea hearing at which the trial court entered into a lengthy colloquy with Heckard regarding his waiver of certain rights by pleading guilty, the trial court accepted Heckard's guilty plea, finding that he entered into the plea agreement "knowingly, intelligently, voluntarily, [and with] no threats or coercion." Report of Proceedings (RP) at 13.

At Heckard's May 3 sentencing hearing, the trial court ruled that it would impose the State's recommended exceptional downward sentence of one year and one day of incarceration, and it entered its judgment and sentence that same day. Heckard did not appeal his guilty plea conviction.

Over three months later, on August 16 the trial court held a restitution hearing and entered a restitution order directing Heckard to pay $4,279.52. On September 11 Heckard filed a notice of appeal that sought review "of the restitution order entered on August 16, 2013." CP at 44.

ANALYSIS

In this appeal from the trial court's August 16 order of restitution, Heckard contends that he should be allowed to withdraw his guilty plea because the trial court entered the plea in violation of his due process rights and his right to a jury trial.[1] With certain exceptions not relevant here, RAP 5.2(a) provides that "a notice of appeal must be filed in the trial court within . . . 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed." Therefore, if Heckard wanted to challenge the validity of his guilty plea conviction in a direct appeal, he had 30 days from the entry of his judgment and sentence on May 3, 2013 in which to file a notice of appeal. Heckard did not do so and, thus, the validity of his unchallenged guilty plea conviction is not properly before us in this appeal from the trial court's restitution order. Accordingly, we do not further address it.

In his SAG, Heckard appears to complain about the past conduct of his extortion victim and other residents of the recreational vehicle park in which he and the victim lived. Heckard fails to explain, though, how these complaints relate to any error in the restitution order that is the subject of this appeal, contrary to the requirements of RAP 10.10(c). Accordingly, we do not

---

[1] Specifically, Heckard argues that the trial court entered his guilty plea in violation of his due process rights because: (1) the plea agreement failed to mention the mens rea element required to convict him of first degree extortion and, thus, lacked a sufficient factual basis upon which the trial court could accept his plea; (2) the record does not establish a knowing and voluntary waiver of his rights in light of the trial court's failure to inform Heckard of his privilege against self-incrimination, right to a jury trial, and right to confront adverse witnesses; and (3) the vague restitution term regarding "charged counts and uncharged counts" shows that the State and defendant lacked a "meeting of the minds" and, thus, demonstrates that Heckard did not knowingly and voluntarily enter into the plea agreement. Br. of Appellant at 8. Heckard also argues (4) that the trial court entered his guilty plea in violation of his jury trial right because neither the plea agreement nor the trial court had specifically advised him about "his right to participate in selecting jurors, his right to a fair and impartial jury, his right to a jury of twelve people, or his right to a unanimous verdict." Br. of Appellant at 18.

further address his SAG. Because Heckard does not claim any error in the restitution order that is the subject of this appeal, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Worswick, J.

Melnick, J.